UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORIO C. FUNTANILLA, Jr., | ) | 1:08-cv-00797 LJO YNP (DLB) (HC) |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| Y. SUNDAY, Warden | ) | |
| | ) | [Doc. #10] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On November 5, 1990, Petitioner was issued a rules violation report (RVR) for failure to report to the doctor at the prescribed time-a division F offense.  Petitioner was disciplined with a loss of thirty days behavioral credit.  The report advised Petitioner of his right to appeal the decision. (Pet. Ex.B).

**Administrative Review**

On July 14, 2005, Petitioner submitted an application for restoration of the credits he lost on November 5, 1990. On November 7, 2005, the counselor to whom the application was submitted found that Petitioner did not meet the criteria for credit restoration because he received another rule violation on December 21, 1990.  The counselor came to this decision by applying the current

version of Title 15 of the California Code of Regulations, Sections 3327 and 3328; which states that prisoners may apply for restoration of credits lost due to a division F offense if they remain free of disciplinary action for a three month period commencing the day following the loss of those credits. (Pet. Ex. F).

Petitioner appealed the decision to the Director's Level where he argued that the counselor applied the wrong standard in denying the restoration of his credits because sections 3327 and 3328 were amended and became operative on June 5, 1995.[1] Cal. Code Regs., tit. 15, §§ 3327, 3328 (2009). Petitioner claimed that, since his credit loss happened before June 5, 1995, the earlier version of Title 15 of the California Code of Regulations, Sections 3327 and 3328 should be applied; which allows a prisoner to apply for restoration of credits after the completion of any three month period free from disciplinary action. The Director's Level decision held that Petitioner could have applied for restoration of his credits years earlier but failed to do so. The decision also noted that prisoners were given an opportunity to apply for restoration of credits before the statute changed; which Petitioner also failed to do. Petitioner's Director's Level appeal was denied on June 5, 2006. (Pet. Ex. F**).**

On January 28, 2007 Petitioner filed for restoration of credits relating to seven different rules violation reports that were issued in 1993 and 1994. All seven were denied under the current Title 15 standard. On March 9, 2007, Petitioner appealed contending that the correction counselor should have applied the pre-1996 version of the statute instead of the newer version of the statute. On April 5, 2007, his appeal was partially granted because the counselor stated that Petitioner may be eligible for credit restoration for a December 7, 1993 violation. On April 27, 2007, Petitioner stated that he was dissatisfied with only a partial grant and on May 25, 2007 Petitioner's second level reviewer granted his appeal holding that all credits lost prior to June 5, 1995 are restorable, that Petitioner has been disciplinary free since July 6, 2004, and that "this policy does not reflect that an expiration date exists in regard to when an inmate may file an application for restoration of credit on a particular [rule violation report]." (Pet. Ex. H, I).

---

[1] Petitioner and Respondent differentiate between the two versions of the state by referring to the pre-1996 rule or the post 1996 rule.

**State Court**

On February 21, 2007, Petitioner filed a petition for writ of habeas corpus with the Kings County Superior Court complaining that he had been denied his right to have credits restored that had been lost on November 5, 1990. The petition was denied on March 15, 2007, because Petitioner failed to exhaust his administrative remedies. The court found that Petitioner had exhausted available inmate appeals regarding the denial of his July 14, 2005 application for restoration credits. However, instead of filing a petition for writ of habeas corpus at that time, Petitioner requested a computation hearing which took place on January 31, 2007. The computation hearing decision specifically stated that "if you are dissatisfied with your Computation Review Hearing decision you may request a Third-Level Review." The court based its finding on the fact that Petitioner never requested that third level of review. (Pet. Appendix).

On March 31, 2007, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. After additional briefing, the petition was denied without comment on August 9, 2007. (MTD Ex. 6, 10).

On November 20, 2007, Petitioner filed a petition with the Supreme Court of California. The Court summarily denied the petition on May 14, 2008. (MTD Ex. 11, 12).

**Federal Court**

On June 5, 2008, Petitioner filed the instant petition with the District Court. (Doc. #1).

On October 6, 2008, Respondent filed a motion to dismiss claiming the petition was filed outside the statute of limitations and procedural default. (Doc. #10). Petitioner filed an opposition to the motion on December 15, 2008. (Doc. #16). It is Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

Constitution. In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. *See* Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### III. Limitation Period for Filing a Petition for Writ of Habeas Corpus

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. at 117; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit has held that "'§ 2244's one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State Court' even if the petition challenges an administrative decision rather than a state court judgment." Eric v. Shelby, 391 F.3d 1061, 1062 (9th Cir. 2004).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, it is not clear cut when the decision became final. Because Title 15 at the time of the RVR did not give any time limit within which an application for restoration of credit must be filed, there is no concrete date as to when exactly Petitioner's statute of limitation should begin to run. Respondent argues that at the very latest the one year limitation period should begin to run the day after the statute changed. Because Petitioner and Respondent refer generally to

the change in the law as pre-1996 and post 1996, Respondent suggests that the limitation period should commence on January 1, 2007 for the purposes of this analysis.  Respondent cites the fact that Petitioner could have filed for restoration of credits before 1996 but inexplicably did not.  Respondent also notes that when it became clear that the rules for credit restoration were going to change, the inmates were all advised that if they wanted any of their credits to be restored, they should do it before the new statute went into effect.  Again, Petitioner did not file at that time for unexplained reasons.  Respondent argues that, because Petitioner had so many chances to file for restoration and because he was put on notice that the rules were going to change, the absolute latest date that Petitioner should have been able to complain that the new law should not apply to credits lost before June 5, 1995 is the day the law actually changed.

This reasoning is not persuasive to the Court.  The decision that Petitioner is challenging is not the RVR and loss of credits, but the decision not to reinstate the credits.  Petitioner filed to have the credits that were forfeited on November 5, 1990 reinstated on July 15, 2005.  After going through the administrative appeal process, the Director's Level denied Petitioner's application on June 5, 2006.  Because the Director's level is the highest level of appeal that Petitioner could seek it is the date of that denial on which the administrative decision not to restore Petitioner's credits became final.  The one-year limitation began to run the next day, June 6, 2006, giving Petitioner until June 5, 2007 by which to file a petition with the Federal Court.  Petitioner did not file the instant petition until 2008; therefore, absent any applicable tolling, Petitioner's federal habeas petition is barred by the statute of limitations.

**IV.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system.  Carey v. Saffold, 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183

1  F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d
2  1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court
3  petition and the filing of a subsequent petition at the next state appellate level"); Patterson v.
4  Stewart, 251 F.3d at 1247 (stating that the "AEDPA's one-year grace period is tolled during the
5  pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v.
6  Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the
7  same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval
8  between a motion for sentence modification in the state superior court and a habeas petition in the
9  superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

10        The limitation period is tolled while a "properly filed application for state post-conviction or
11  other collateral review with respect to the pertinent judgment or claim is pending." Pace v.
12  DiGuglielmo, 544 U.S. 408, 410 (2005). "A state post conviction petition rejected by the state court
13  as untimely" cannot be considered "properly filed." Id.  Petitioner filed his Superior Court petition
14  for writ of habeas corpus on February 21, 2007; which is 260 days after the one year limitation
15  period began to run. The Superior Court denied the petition for failure to exhaust administrative
16  remedies; citing In re Dexter, 25 Cal.3d 921, 925 (1979).  Failure to exhaust, however, does not
17  mean the petition was improperly filed. Procedural deficiencies do not render a petitioner improperly
18  filed so long as its "delivery and acceptance are in compliance with the applicable laws and rules
19  governing filings." Atruz v. Bennett, 531 U.S. 4, 8 (2000).  The Superior Court makes no claims
20  that there were any problems with the delivery or acceptance of the application; therefore the petition
21  was properly filed.  Because the petition was properly filed in the Superior Court within the
22  limitation period, the statute of limitations was tolled as of the date of filing.

23        The Superior Court denied the petition on March 15, 2007 and Petitioner filed with the state
24  appellate court on March 31, 2007.  A span of 16 days is not an unreasonable amount of time to
25  move from one level of review to the next; therefore, the limitation period continued to be tolled
26  during the time between courts and the time that the petition spent in the state appellate court.

27        In California, there is no question of timeliness with regard to the filing of habeas petitions,
28  rather, the question is whether the petitioner exercised due diligence and a petitioner is merely

required to file his petition within a reasonable time. Saffold, 536 U.S. at 235.  In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. 189, 197 (2006).  In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 201.  The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id., *quoting* Saffold, 536 U.S. at 219.  In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 546 U.S. at 199-200, *citing* Saffold, 536 U.S. at 222-223.

The California Court of Appeal denied the petition on August 9, 2007 and Petitioner waited almost four months to petition for review with the California Supreme Court on November 20, 2007. The 103 day delay is far greater than the short period of time of 30 to 60 days provided by most states for filing an appeal. A delay of nearly four months, when only one or two months is normally allotted, seems excessive.

Because Petitioner waited an unreasonable amount of time between his appellate denial and filing with the state supreme court, Petitioner's tolling ended on August 9, 2007; the day the Court of Appeal denied his petition.  After the appropriate tolling periods are incorporated, the date by which Petitioner must have filed his petition with the Federal Court becomes November 22, 2007. Petitioner did not sign his petition to the United States District Court until June 5, 2008; which is six months past the end of the one year limitation period; therefore, his petition should be dismissed as untimely.  Because the petition should be dismissed under the statute of limitations, there is no need to analyze Respondent's procedural default argument.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

1 GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to
2 comply with 28 U.S.C. § 2244(d)'s one year limitation period.
3       This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
4 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
5 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
6 California.  Within thirty (30) days after being served with a copy of this Findings and
7 Recommendation, any party may file written objections with the Court and serve a copy on all
8 parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
9 Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days
10 (plus three days if served by mail) after service of the Objections.  The Finding and
11 Recommendation will then be submitted to the District Court for review of the Magistrate Judge's
12 ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
13 within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v.</u>
14 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15
16       IT IS SO ORDERED.
17       **Dated:   August 19, 2009**          **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE