UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, Jr., ) <br> ) <br>       Petitioner, ) <br> ) <br>   v. ) <br> ) <br> Y. SUNDAY, Warden ) <br> ) <br>       Respondent. ) <br> _____) | 1:08-cv-00797 LJO MJS (HC) <br><br> SUPPLEMENTAL FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS <br><br> [Doc. 10] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Pamela B. Hooley, Esq., of the Office of the Attorney General for the State of California.

I.  **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of San Francisco, convicting Petitioner of rape, oral copulation with force, and felon in possession of a firearm. (Pet., Ex. A, ECF No. 1.) On November 5, 1990, Petitioner was issued a rules violation report ("RVR") for failure to report to the doctor at the prescribed time. (Pet., Ex. B.) Petitioner was disciplined with a loss of thirty days behavioral credit for what was deemed a division "F" offense. (Id.)

At the time of the RVR, California Regulations allowed for the restoration of credits for

a division "F" offense if an inmate remained disciplinary free for a period of three months. Cal. Code Regs., tit. 15, §§ 3327, 3328; see Pet., Exs. C-D.[1] Furthermore, on August 25, 1993, Petitioner applied for, and was granted the restoration of credits for eight RVRs occurring between 1990 and 1992. (Mot. to Dismiss, Ex. 1., Sup. Ct. Pet., Ex. H., ECF No. 10-1.) However, Petitioner did not attempt to restore the loss of credits from the November 5, 1990 RVR at that time.

On July 14, 2005, twelve years after having credits for the other RVRs restored, Petitioner submitted an application for the restoration of the credits he lost on November 5, 1990. (Pet., Ex. F.) On November 17, 2005, his application was denied. (Id.) Petitioner appealed the decision to the Director, who denied the appeal on June 15, 2006. (Id.)

On October 4, 2006, Petitioner filed a petition for writ of habeas corpus with the Kings County Superior Court asserting that he was denied the right to restore the credits lost on November 5, 1990.[2] (Mot. to Dismiss, Ex. 1.) The petition was denied on January 8, 2007. (Id., Ex. 3.) On February 21, 2007, Petitioner filed another petition for writ of habeas corpus with the Kings County Superior Court again asserting he was denied the opportunity to restore the lost credits.[3] (Id., Ex. 4.) The petition was denied on March 15, 2007. (Id., Ex. 5.)

On March 31, 2007, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District.[4] (Id., Ex. 6.) The petition was denied without

---

[1] Petitioner and Respondent note that the relevant regulations were amended in 1996. Under the new regulations, inmates are not eligible for the restoration of credits.

[2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on October 10, 2006, pursuant to the mailbox rule the Court considers the petition filed on October 4, 2006, the date Petitioner signed the petition.

[3] Although the petition was filed on February 23, 2007, pursuant to the mailbox rule the Court considers the petition filed on February 21, 2007, the date Petitioner signed the petition.

[4] Although the petition was filed on April 9, 2007, pursuant to the mailbox rule the Court considers the petition filed on March 31, 2007, the date Petitioner signed the petition.

comment on August 9, 2007. (Id., Ex. 10.) On November 20, 2007, Petitioner filed a petition with the Supreme Court of California.[5] (Id., Ex. 11.) The Court denied the petition on May 14, 2008. (Id., Ex. 12.)

On June 5, 2008, Petitioner filed the instant petition with the District Court.[6] (Pet.) On October 6, 2008, Respondent filed a motion to dismiss claiming the petition was barred by the statute of limitations and the doctrine of procedural default. (Mot. to Dismiss.) Petitioner filed an opposition to the motion on December 15, 2008. (Opp'n, ECF No. 16.) On August 20, 2009 the Magistrate Judge issued findings and a recommendation to dismiss the petition based on the statute of limitations. (Findings & Recommendation, ECF No. 18.) The Court adopted the findings and recommendation and dismissed the petition on September 29, 2009. (Order Adopting, ECF No. 20.)

On October 16, 2009, Petitioner field a motion for relief from judgment; it was granted by the Court on August 24, 2009. (Mot. for Relief & Order Granting Relief, ECF Nos. 22, 26.) The order granting relief from judgment re-opened the case and referred it to the Magistrate Judge for further proceedings. Pursuant thereto, this Court reviewed the motion to dismiss and all pleadings related thereto and submits the present supplemental findings and recommendation.

**II.   DISCUSSION**

   **A.   Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

---

[5] Although the petition was filed on November 26, 2007, pursuant to the mailbox rule the Court considers the petition filed on November 20, 2007, the date Petitioner signed the petition.

[6] Although the petition was filed on June 9, 2008, pursuant to the mailbox rule the Court considers the petition filed on June 5, 2008, the date Petitioner signed the petition.

answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on June 5, 2008, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit has held that "'§ 2244's one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State Court' even if the petition challenges an administrative decision rather than a state court judgment." Eric v. Shelby, 391 F.3d 1061, 1062 (9th Cir. 2004). In the case of petitions challenging administrative decisions, Subsection 2244(d)(1)(D) rather than Subsection 2244(d)(1)(A) applies. Id. at 1066, citing Redd v. McGrath, 343 F.3d 1077, 1081-83 (9th Cir. 2003). Under subsection (d)(1)(D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d).  In most cases, the limitation period begins running on the date that the petitioner receives notice of the decision of the administrative board.

Petitioner's here challenges not the loss of credits from the disciplinary decision of November 5, 1990, but rather the denial of his attempts to restore those lost credits. At the time that Petitioner lost credits, California law allowed Petitioner to appeal to restore the credits after a 90 day period without disciplinary violations. On August 25, 1993, Petitioner appealed several other RVRs and had his credits restored for those violations.  Accordingly, as of that time, Petitioner must have gone the required 90 days  without a disciplinary violation and he must have known he had a right to seek restoration of credits lost from the November 5, 1990 RVR. Thus, the factual predicate of Petitioner's claim was known as of August 25, 1993.  Nevertheless, Petitioner delayed his appeal for the restoration of credits from the November 5, 1990 hearing until July 14, 2005 and did not submit his federal habeas petition

until June 5, 2008.

In his opposition, Petitioner argues that under Redd, the statute of limitations begins to run upon the denial of the administrative decision. 343 F.3d at 1081-83; (Opp'n at 8.). Petitioner further argues that the administrative decision in question was the denial of Petitioner's administrative appeal on June 15, 2006. Petitioner misapplies the holding of Redd. Id. "[T]he date of the "factual predicate" for [Petitioner]'s claim under § 2244(d)(1)(D) is not dependent on when [Petitioner] complied with AEDPA's exhaustion requirement. Rather, it is determined independently of the exhaustion requirement by inquiring when [Petitioner] could have learned of the factual basis for his claim through the exercise of due diligence." Id. at 1082. While in Redd, the factual predicate occurred when the administrative board denied petitioner parole, the factual predicate need not necessarily coincide with he time an administrative board decision is made. Id. Here, the factual predicate occurred at the latest on August 25, 1993, when Petitioner knew or should have known he had the opportunity and right to appeal for the restoration of credits, i.e., knew or should have known of the factual basis of his claim through the exercise of due diligence. Nevertheless, he failed to appeal for the restoration of credits until over a decade later. It is on that date that the factual predicate for his calim must be found to have occurred.

Petitioner further argues that California state law does not have a time limit on when appeals for restoration of credits can be made and that one later appeal was approved. (Opp'n at 6-7.) Petitioner's arguments are not persuasive. Regardless of state time limits on state filings, federal petitions for habeas corpus relief are governed by § 2244(d) which sets forth a one year statue of limitations. Even if Petitioner's state petitions were timely filed under California law, this Court must dismiss any petition that does not comport with the statute of limitations described by § 2244(d). Petitioner's reliance on state law and the timeliness of state filings is not relevant to this analysis.

Accordingly, the factual predicate of Petitioner's claim was known and could have been presented as of August 25, 1993. Because Petitioner's conviction became final prior to the enactment of AEDPA, his one-year period for filing a habeas petition in federal court began

on AEDPA's effective date of April 24, 1996. Ford v. Pliler, 590 F.3d 782, 784 (9th Cir. 2009); see Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

Petitioner would have one year from April 24, 1996, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until June 5, 2008, over eleven years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on April 24, 1996. Petitioner filed his first state habeas petition on October 4, 2006, in the Kings County Superior Court. The state habeas petition was filed over nine years after the statue of limitations period expired. Accordingly, the statute of limitations expired on April 25, 1997, and Petitioner's subsequent state filings do not act to toll the limitations period. Green v. White, 223 F.3d

1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Accordingly, the statue of limitations period expired prior to the filing of the instant federal petition.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). In Petitioner's motion for reconsideration, Petitioner presents evidence regarding his limited access to his legal files and the law library. (Mot. for Relief.) However, Petitioner's argument and evidence relate only to the time between the denial of his state appellate court habeas petition and the filing of his petition with the California Supreme Court. (Id.) Even if the time between those petitions were tolled, Petitioner's state habeas petitions were not filed until over nine years after the statute of limitations period applicable here had already expired. His federal petition remains untimely.

### III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory or equitable tolling. His state petitions were filed after the statute of limitations period expired. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be granted.

### IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

1  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's
2  failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.
3         This Findings and Recommendation is submitted to the assigned United States District
4  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
5  Local Rules of Practice for the United States District Court, Eastern District of California.
6  Within thirty (30) days after the date of service of this Findings and Recommendation, any
7  party may file written objections with the Court and serve a copy on all parties.  Such a
8  document should be captioned "Objections to Magistrate Judge's Findings and
9  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)
10 days after service of the Objections. The Finding and Recommendation will then be submitted
11 to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
12 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may
13 waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
14 Cir. 1991).
15 <u>IT IS SO ORDERED.</u>
16 Dated:     September 10, 2010          /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE